Concurring and Dissenting Opinion by
McDonald, J.
I agree with the Majority opinion to the extent that it addresses the merits of this appeal. I would, however, go farther and address the question of immunity. This Court has adopted from federal practice the collateral order doctrine—a doctrine that provides for consideration of certain interlocutory appeals. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Peat, Marwick, Mitchell & Co. v. Los Angeles Rams Football Co., 284 Md. 86, 91-92, 394 A.2d 801 (1978); State v. Hogg, 311 Md. 446, 455-57, 535 A.2d 923 (1988). However, this Court later deviated from the federal version of that doctrine when it overruled Hogg and declined to consider an appeal of an order denying official immunity, except in certain instances (which the Court did not well define). Compare Dawkins v. Baltimore City Police Dep’t., 376 Md. 53, 827 A.2d 115 (2003) with Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d *575 411 (1985) and Behrens v. Pelletier, 516 U.S. 299, 116 S.Ct. 884, 133 L.Ed.2d 773 (1996). The Court of Special Appeals has applied an exception to allow an appeal of an adverse ruling on immunity relating to the alleged actions of a court clerk—an official with less decision-making authority than the Board members in this case. See State v. Keller-Bee, 224 Md.App. 1, 5-7, 119 A.3d 80 (2015), aff'd, 448 Md. 300, 138 A.3d 1253 (2016). In my view, Dawkins should be reconsidered.